IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tony James Garner, | C/A No. 0:18-2547-TMC-PJG |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Hector Joyner, *Warden Federal Correctional Inst., Estill, South Carolina*, | |
| Respondent. | |

The petitioner, Tony James Garner, a self-represented inmate confined at the Federal Correction Institution in Estill, South Carolina, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Petition is filed pursuant to 28 U.S.C. § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.      Factual and Procedural Background**

Petitioner indicates that in 2003 he pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) in the United States District Court for the Southern District of Alabama. (Pet., ECF No. 1 at 2; ECF No. 1-1 at 2-3.) In 2004, Petitioner was sentenced to 327 months' imprisonment with a sentence enhancement pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). (Id.)

The United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's conviction in 2005, and Petitioner's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C.



§ 2255 was denied by the Southern District of Alabama in 2007. (ECF No. 1 at 4.) In 2016, Petitioner filed an application seeking authorization to file a second or successive motion pursuant to § 2255 in the Eleventh Circuit, but the application was denied. (ECF No. 1-1 at 4.) He filed another such application in 2017 that was also denied. (Id.)

Petitioner now files a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming his sentence has since been rendered unlawful by the Eleventh Circuit's decision in United States v. Howard, 742 F.3d 1334 (11th Cir. 2014). Specifically, Petitioner contends his sentence was enhanced under the ACCA because of a prior conviction for third-degree burglary in Alabama, but, subsequent to his sentencing, Howard held that such convictions do not qualify as predicate convictions under the ACCA. Thus, Petitioner contends his sentence is now unlawful and that he may seek relief pursuant to the decision of the United States Court of Appeals for the Fourth Circuit in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018).

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[1] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).



This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

A petitioner cannot challenge his federal conviction and sentence through § 2241 unless he can show under the "savings clause" of § 2255(e) that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e); see also Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (providing that if a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas petition for lack of jurisdiction). The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's sentence:

> (1) [A]t the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4)

due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018).

Here, Petitioner contends the Eleventh Circuit's decision in United States v. Howard, 742 F.3d 1334 (11th Cir. 2014) rendered his sentence illegal. Howard held that under the ACCA, a conviction for third-degree burglary in Alabama does not qualify as a predicate burglary conviction. Id. at 1347-49 (citing Descamps v. United States, 570 U.S. 254 (2013) (holding courts may not apply the modified categorical approach to sentencing under ACCA when the crime of which the defendant was convicted has a single, indivisible set of elements)). Thus, if Petitioner were sentenced today, Howard dictates that Petitioner's prior third-degree burglary conviction could not be used to enhance his sentence under the ACCA.

However, Petitioner cannot meet the Wheeler test here because he fails to show that Howard or Descamps apply retroactively on collateral review. The United States Supreme Court has not held that Descamps applies retroactively, and the Eleventh Circuit has not held that Howard applies retroactively. See Ziglar v. United States, 201 F. Supp.3d 1315, 1326 (M.D. Ala. 2016) (finding a prisoner could not seek relief pursuant to a successive § 2255 motion based on Howard because Howard and Descamps are not retroactive).[2] Because Descamps and Howard are not retroactive on collateral review, Petitioner cannot meet the Wheeler standard to file a § 2241 petition, and the petition should be summarily dismissed. See Wheeler, 886 F.3d at 426 (holding that the failure to meet the requirements of the savings clause is a jurisdictional defect that may not be waived).

---

[2] The Eleventh Circuit has held that Descamps applies retroactively to a first § 2255 motion, see Mays v. United States, 817 F.3d 728, 736-37 (11th Cir. 2016), but not thereafter, see In re Hires, 825 F.3d 1297, 1303 (11th Cir. 2016) (collecting cases).



### III.   Conclusion

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 6, 2018
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).