IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONY JAMES GARNER,    *

    Petitioner,    *

v.    *    Civil Action No. GLR-19-2007

WARDEN OF FCI CUMBERLAND,[1]    *

    Respondent.    *
                              ***

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Petitioner Tony James Garner's Petition for Writ of Habeas Corpus (ECF No. 1). Also pending before the Court is Garner's Motion to Transfer Case Back to Original Jurisdiction (ECF No. 26). The Petition and Motion are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons set forth below, the Court will dismiss the Petition, deny Garner's Motion, and decline to issue a Certificate of Appealability.

**I.    BACKGROUND**

In November 2003, Garner pleaded guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (2018) in the United States District Court for the Southern District of Alabama. (See Pet. at 2, ECF No. 1).[2] In 2004, Garner

---

[1] On July 15, 2019, the Court entered an Order directing the Clerk to amend the docket to replace Respondent Warden Hector Joyner with Warden of FCI Cumberland. (ECF No. 23).

[2] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files ("CM/ECF") system.

was sentenced to 327 months' imprisonment, with a sentence enhancement pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1) (2018). United States v. Garner, 1:03-cr-0095-WS-C, ECF No. 58 (S.D.Ala. May 1, 2007); (see also Nov. 6, 2018 R. & R. ["R&R"] at 1, ECF No. 10). On appeal, the United States Court of Appeals for the Eleventh Circuit affirmed Garner's sentence. (See Pet. at 4; R&R at 1).

In 2006, Garner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (2018) in the Southern District of Alabama. (R&R at 1–2). The court denied Garner's motion on April 30, 2007. (See Pet. at 4; R&R at 1–2).

On January 26, 2015, Garner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (2018) in the United States District Court for the Northern District of Georgia. Garner v. Drew, 1:15-CV-255-WSD, 2016 WL 880529, at *2 (N.D.Ga. Mar. 7, 2016). The court dismissed the petition after finding that 28 U.S.C. § 2255(e)'s "savings clause [did] not allow the Court to exercise jurisdiction." Id. at *4. For the savings clause to apply to his claim, Garner was required to show, among other things, that controlling Eleventh Circuit precedent held that the crime of third-degree burglary under Alabama law constituted a "violent felony" under the ACCA, such that his claim would have been foreclosed when he filed his first § 2255 motion. Id. at *3 (citing Bryant v. Coleman, 738 F.3d 1253, 1274 (11th Cir. 2013)). The Court noted that when Garner was "convicted, sentenced, and throughout his direct appeal, there was no Eleventh Circuit precedent . . . that 'squarely foreclosed' [his] claim." Id. Rather, "[i]t was only while Petitioner's Motion to Vacate was pending that the Eleventh Circuit held in United States v. Moody, 216 F.App'x 95 (11th Cir. 2007), that third-degree burglary under Alabama law constituted a

2

'violent felony' under the ACCA." Id. In 2016, Garner sought permission from the Eleventh Circuit to file a successive § 2255 motion, but the application was denied. (See R&R at 2).

On September 17, 2018, Garner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of South Carolina, where he was incarcerated at the time. (ECF No. 1). In his memorandum of law, Garner argued that he was wrongly sentenced pursuant to the ACCA, relying on Johnson v. United States, 135 S.Ct. 2551 (2015), which voided the ACCA's residual clause, Descamps v. United States, 570 U.S. 254 (2013), which refined the process for determining whether a prior conviction qualifies as a violent felony under the ACCA, and United States v. Howard, 742 F.3d 1334 (11th Cir. 2014), which held, in light of Descamps, that Alabama third-degree burglary is not a qualifying predicate for purposes of the ACCA. (Mem. Law Supp. Pet. Habeas Corpus at 4–7, ECF No. 1-1). Garner also argued that "[i]t [was] unclear from the record which clause of the ACCA the district court employed when it concluded that Garner's prior Alabama third degree burglary convictions qualified as predicate offenses." (Id. at 7).

On November 6, 2018, Magistrate Judge Paige Gossett issued a Report and Recommendation as to Garner's § 2241 Petition. (ECF No. 10). Judge Gossett concluded that Garner failed to show under the saving clause of § 2255(e) that a § 2255 motion was inadequate or ineffective to test the legality of his detention. (R&R at 3). Specifically, Judge Gossett explained that although Howard "held that under the ACCA, a conviction for third-degree burglary in Alabama does not qualify as a predicate burglary conviction,"

3

the "Supreme Court has not held that Descamps applies retroactively, and the Eleventh Circuit has not held that Howard applied retroactively." (Id. at 4). Because Howard and Decamps are not retroactive on collateral review, Judge Gossett opined that Garner did not meet the standard to file a § 2241 petition, and his Petition should be summarily dismissed. (Id.).

By Order dated July 8, 2019, United States District Judge Timothy M. Cain declined to adopt Judge Gossett's Report and Recommendation, instead finding that the District of South Carolina lacked jurisdiction to entertain Garner's Petition because Garner was incarcerated at FCI Cumberland in Maryland. (July 8, 2019 Order at 2, ECF No. 19). Garner's Petition was then transferred to the United States District Court for the District of Maryland. (See id. at 3; ECF No. 20).

## II. DISCUSSION

### A. Motion to Transfer Case Back to Original Jurisdiction

On July 22, 2019, Garner filed a Motion to Transfer Case Back to the Original Jurisdiction, asking this Court to return Garner's habeas Petition to the District of South Carolina. (ECF No. 26). Jurisdiction over a habeas corpus petition lies in the federal district court where the Petitioner's custodian is located. See Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004). Garner is a Bureau of Prisons inmate presently housed at the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland"), (see ECF No. 17), and is therefore in the custody of the Warden at FCI Cumberland. Thus, this Court has jurisdiction over Garner's Petition, and Garner's Motion to Transfer Case Back to Original Jurisdiction will be denied.

4

## B. Petition for Writ of Habeas Corpus

Garner brings his Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. "Generally, federal prisoners 'are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C. § 2255.'" Brooks v. Bragg, 735 F.App'x 108 (4th Cir. 2018) (quoting In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)); see also Toohey v. Wilson, 2018 WL 3130411, at *2 (E.D.Va. June 26, 2018) (a motion under § 2255 "'provides the primary means of collateral attack' on the imposition of a federal conviction and sentence"). By contrast, § 2241 petitions attack the manner in which a sentence is executed, not the imposition of the sentence. Fontanez v. O'Brien, 807 F.3d 84, 86 (4th Cir. 2015).

However, under 28 U.S.C. § 2255(e), commonly referred to as the "savings clause," an individual may file a § 2241 petition asserting claims ordinarily restricted to the realm of § 2255 where a § 2255 petition "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), the United States Court of Appeals for the Fourth Circuit held that a petition brought pursuant to § 2255 is inadequate to test the legality of a sentence when: (1) at the time of sentencing, settled law of the relevant circuit or the Supreme Court established the legality of the sentence; (2) after the prisoner's direct appeal and first § 2255 motion, the settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to the retroactive change in the law, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. Id. at 429.

5

Here, where Garner challenges the validity of his sentence, a § 2255 motion is the proper means by which to seek relief unless Garner can show that such a motion is inadequate or ineffective to test the legality of his sentence under Wheeler. Relying on this standard, Respondent argues that Garner's § 2241 Petition should be dismissed because Garner fails to meet the first prong of the test outlined in Wheeler. The Court agrees.

First, Garner cannot show that, at the time of sentencing, settled law of the relevant circuit or the Supreme Court established the legality of his sentence. As the Northern District of Georgia explained in dismissing Garner's previous § 2241 petition, Garner fails to show that controlling Eleventh Circuit law precluded him from arguing that Alabama third-degree burglary was not a "violent felony" under the ACCA. See Garner v. Drew, 2016 WL 880529, at *3. Indeed, at the time of Garner's sentencing in 2004, there was no Eleventh Circuit precedent that squarely foreclosed his claim, and it was not until 2007 that third-degree burglary under Alabama law constituted a "violent felony" under the ACCA. Id. Moreover, even if Garner satisfied Wheeler's first prong, § 2241 would nonetheless be an improper avenue for his Petition because Garner cannot demonstrate the second prong of Wheeler—that the substantive law changed and was deemed to apply retroactively on collateral review. As Judge Gossett explained in her Report and Recommendations, although the relevant law changed after Garner's direct appeal and § 2255 motion, those changes were not deemed to apply retroactively on collateral review. (R&R at 4).

Because Garner's § 2241 Petition fails on the first and second prongs of Wheeler, he cannot show that a motion under § 2255 is inadequate or ineffective to test the legality of his sentence. Therefore, his Petition will be dismissed.

C.  **Certificate of Appealability**

When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2018). When a petition is denied on procedural grounds, as in this case, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Garner fails to satisfy this standard, the Court declines to issue a Certificate of Appealability. Garner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003).

### III.  CONCLUSION

For the foregoing reasons, the Court will deny Garner's Motion to Transfer Case back to Original Jurisdiction and dismiss his Petition for Writ of Habeas Corpus. The Court declines to issue a Certificate of Appealability. A separate Order follows.

Entered this 19th day of December, 2019.

_____/s/_____
George L. Russell, III
United States District Judge